IN THE CIRCUIT COURT OF NEWTON COUNTY, MISSOURI

| | |
|---|---|
| INES SWANN )<br>3016 Dusty Lane )<br>Neosho, MO 64850 )<br>            )<br>    **Plaintiff,**  )<br>            )<br>vs.          )     Case No. _____<br>            )<br>JACOB BECK,    )<br>            )<br>    Serve: Missouri Secretary of State )<br>       Attn: John R. Ashcroft )<br>       600 W. Main St. )<br>       Jefferson City, MO 65101 )<br>            )<br>EUBANKS EQUIPMENT, LLC, )<br>            )<br>    Serve: Craig Eubanks, Registered Agent )<br>       36 Oscar Tulley Rd. )<br>       Anderson, MO 64831 )<br>            )<br>    **Defendants.**  )<br>            ) | |

### PLAINTIFF'S PETITION FOR DAMAGES

COMES NOW Plaintiff Ines Swann (hereinafter sometimes referred to as "Ines" or "Plaintiff"), by and through her counsel of record, The Hershewe Law Firm, P.C., and for her cause of action against defendants, Jacob Beck (hereinafter sometimes referred to as "Defendant Beck") and Eubanks Equipment, LLC, (hereinafter sometimes referred to as "Defendant Eubanks Equipment"), hereby states and alleges as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Ines Swann is, at all times relevant to this Petition, an individual residing in Newton County, Missouri.

2. Defendant Eubanks Equipment, LLC is an agricultural equipment dealer and sells and offers service on the equipment and parts of same. Defendant Eubanks Equipment is a foreign corporation incorporated under the laws of Missouri with a business address of 36 Oscar Talley Road, Anderson, MO 64831.

3. Defendant Eubanks Equipment, LLC can be served through its registered agent, Craig Eubanks, at 36 Oscar Talley Road, Anderson, MO 64831.

4. Defendant Jacob Beck is an individual residing in Logan County, Oklahoma, and, at all time relevant to this Petition, was the driver of one certain 2014 Chevrolet Silverado involved in the motor vehicle collision described herein. Defendant Beck can be served at 1750 E. County Road 76, Guthrie, Oklahoma 73044 or through Section 506.240, RSMo., which controls Service of Process upon Nonresident Motorists.

5. At the time of the acts complained of herein and at all times material hereto, Defendant Beck was the driver of the 2014 Chevrolet Silverado owned by Eubanks Equipment, LLC, which was the vehicle involved in the motor vehicle collision described herein.

6. At all times material hereto, Defendant Beck was an agent, servant, or employee of Defendant Eubanks Equipment and was acting within the scope of his employment while driving the 2014 Chevrolet Silverado owned by Defendant Eubanks Equipment at issue herein, and therefore Defendant Eubanks Equipment was responsible for the actions of Defendant Beck under the joint doctrines of vicarious liability and *respondeat superior*, as asserted herein.

7. The accident which gave rise to this Petition occurred in Newton County, Missouri, making jurisdiction and venue proper in this Court.

**FACTS COMMON TO ALL COUNTS**

8. On or about February 3, 2015, at approximately 2:00 p.m., Plaintiff Ines Swann was lawfully traveling East on US 60 near the intersection of US 60 and Falcon Road in a 2011 Toyota Camry in Newton County, Missouri.

9. At said time and place, Defendant Jacob Beck was operating a 2014 Chevrolet Silverado within the course and scope of his agency or employment with Defendant Eubanks Equipment, traveling South on Falcon Road, when Defendant Beck negligently failed to stop at the stop sign, failed to yield to Plaintiff's right-of-way, failed to keep a careful lookout, failed to swerve or slacken the speed of the vehicle, and thereby drove into the path of Plaintiff's vehicle, causing the collision.

10. Plaintiff was lawfully traveling on US 60 with the right-of-way and could not avoid the impact.

11. After the collision, Defendant Beck was charged with the class C misdemeanor of Failure to Stop for Stop Sign At Stop Line/Before Crosswalk/Point Nearest Intersection, to which he pled guilty. Ticket #: 701545007. Said actions of Defendant were in violation and in breach of his duty of the highest degree of care.

12. As a direct and proximate result of Defendant's negligent actions, Plaintiff sustained serious bodily injury to the left neck, left clavicle, upper chest, left arm, left shoulder, and left hand, requiring medical care and treatment.

### COUNT I
### (Negligence versus Defendant Beck)

13. Plaintiff hereby adopts by reference the statements contained within the foregoing paragraphs, as though set forth in full and restates same herein.

3

14. On February 3, 2015, while utilizing the public roadway, Defendant Beck owed to Plaintiff a duty to operate his vehicle using the highest degree of care so as not to injure, maim, or harm Plaintiff.

15. Defendant breached his duty in one or more of the following particulars:

    a. Failing to adequately bring the vehicle to a complete stop at the stop sign;

    b. Driving at an excessive speed at an intersection;

    c. Failing to yield the right-of-way;

    d. Coming into collision with the front of Plaintiff's automobile;

    e. Failing to keep a careful lookout; and

    f. Failing to stop or swerve or slacken the speed of her vehicle when she knew or by the use of the highest degree of care should have known that there was a reasonable likelihood of collision.

16. As a direct and proximate result of Defendant's negligence, Plaintiff Ines Swann sustained serious bodily injuries, including, but not limited to, her left neck, left clavicle, upper chest, left arm, left shoulder, and left hand.

17. As a direct and proximate result of Defendant's negligence, Plaintiff has incurred and will continue to incur medical expenses, and has incurred and will continue to incur emotional injury and pain and suffering.

**WHEREFORE** Plaintiff prays for judgment in Plaintiff's favor and against Defendants in an amount that is fair and reasonable under the circumstances, for costs herein expended, and for such other and further relief as the Court shall deem just and proper.

## COUNT II
### (Negligence Per Se versus Defendant Beck)

18. Plaintiff hereby adopts by reference the statements contained within the foregoing paragraphs, as though set forth in full and restates same herein.

19. Section 304.351.1, RSMo., provides as follows:

   The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway, provided, however, there is no form of traffic control at such intersection.

20. Defendant was negligent per se in that Defendant operated his vehicle in violation of said Section by (a) Failing to yield the right-of-way to Plaintiff's vehicle which had already entered the intersection from a different highway.

21. Section 304.012.1, RSMo., provides as follows:

   Every person operating a motor vehicle on the roads and highways of this state shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and shall exercise the highest degree of care.

22. Defendant was negligent per se in that Defendant operated his vehicle in violation of said Section by (a) Failing to operate her vehicle in a careful and prudent manner; (b) Operating his vehicle at a rate of speed which endangered the property and life of other persons, especially including Plaintiff, and (c) Failing to exercise the highest degree of care.

23. Sections 304.351 and 304.012 were promulgated to protect motor vehicle passengers and to make the state highways safe for travel in the State of Missouri, and to avoid collisions and the injuries that result from collisions.

24. At the time of this accident, Plaintiff was a member of the class of persons said sections were intended to protect, and the injuries Plaintiff sustained, which are more fully described herein, are the type of injuries said sections were designed to prevent.

5

Case 3:19-cv-05014-RK   Document 1-2   Filed 03/03/19   Page 5 of 8

25. As a direct and proximate result of the carelessness and negligence of Defendant and by Defendant's violations of Sections 304.351 and 304.012, Plaintiff suffered injuries described herein.

**WHEREFORE** Plaintiff prays for judgment in Plaintiff's favor and against Defendants in an amount that is fair and reasonable under the circumstances, for costs herein expended, and for such other and further relief as the Court shall deem just and proper under the circumstances.

## COUNT III
### (Negligence versus Defendant Eubanks Equipment)

26. Plaintiff hereby adopts by reference the statements contained within the foregoing paragraphs, as though set forth in full and restates same herein.

27. At all times herein mentioned, Defendant Eubanks Equipment was acting individually and through its agents, servants, and/or employees.

28. At all times herein mentioned, Defendant Beck was an agent, servant, and/or employee under the control, the right of control, joint and mutual control, or joint and mutual right of control of Defendant Eubanks Equipment, and all the acts of negligence on the part of Defendant Beck were committed within the course and scope of his agency and employment of, with, and for Defendant Eubanks Equipment.

29. Defendant Eubanks Equipment, through its agents, servants, and/or employees, owed Plaintiff a duty of care to protect her from injury by use of the highest degree of care while driving a vehicle owned by Defendant Eubanks Equipment.

30. Defendant Eubanks Equipment, through its agents, servants, and/or employees, owed Plaintiff a duty of care to protect her from injury by selecting qualified employees to drive its vehicles, and by providing proper training and supervision for those employees driving vehicles owned by Defendant Eubanks Equipment.

Electronically Filed - Newton - January 30, 2019 - 10:11 AM

31. At the time of the events complained of herein, Defendant Eubanks Equipment, through its agents, servants, and/or employees, breached those duties in one or more of the following respects:

    a. Failure to adequately train, instruct, and supervise Defendant Beck concerning the safe operation of the vehicle owned by Defendant Eubanks Equipment.

32. Defendant Eubanks Equipment, as the employer of Defendant Beck, failed to exercise its duty to hire a safe, fit, and competent driver of its 2014 Chevrolet Silverado.

33. As a direct and proximate result of Defendant Eubanks Equipment's negligence, Plaintiff suffered financial damages including, but not limited to, property damage, medical expenses, pain, suffering, emotional distress, loss of income and earning capacity. Plaintiff has incurred, and will continue to incur, the services of hospitals, physicians, nurses, and other healthcare providers, all at substantial cost, as a direct result of Defendant Beck's negligent driving of the 2014 Chevrolet Silverado owned by Defendant Eubanks Equipment.

**WHEREFORE** Plaintiff prays for judgment in Plaintiff's favor and against Defendants in an amount that is fair and reasonable under the circumstances, for costs herein expended, and for such other and further relief as the Court shall deem just and proper under the circumstances.

Respectfully submitted by:

**THE HERSHEWE LAW FIRM, P.C.**

*/s/ Ed Hershewe*

---
Ed Hershewe        Mo. Bar #27641
Jennifer Hosp      Mo. Bar #71006
431 S. Virginia Ave.

Joplin, MO 64801
417-782-3790 Telephone
417-782-8482 Facsimile
ed.hershewe@h-law.com
jennifer.hosp@h-law.com

***ATTORNEYS FOR PLAINTIFF***